# IM Law Group, P.C.
445 Central Avenue, Suite 108
Cedarhurst, NY 11516
P: (516) 344-8010
F: (888) 469-6858
igor@theimlawgroup.com

November 15, 2016

Hon. Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re: Jericho Group, Ltd. v. Mid-town Development; Docket# 14-cv-2329*

Dear Magistrate Vera M. Scanlon:

  This Letter-motion is being filed on behalf of my client, Jericho Group LTD ("Jericho") to respectfully request the Court to take a Judicial Notice, pursuant to Federal Rule of Evidence 201, of the Release Agreement and the contents of that Agreement. (See Exhibit A). This request is being made in order to enforce the terms of the General Release Agreement, dated May 17, 2013, ("May 17, 2013 Agreement") signed by Robert Goebel, Jericho Group (by Samuel Pfeiffer) and Samuel Pfeiffer individually.

  Rule 201 of the Federal Rules of Evidence states in relevant part:

"(b) The court may judicially notice a fact that is not subject to reasonable dispute because it:
 (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
(c) The court:
 (2) must take judicial notice if a party requests it and the court is supplied with the necessary information
(d) The court may take judicial notice at any stage of the proceeding.
(e) On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed."

  A district court may take judicial notice of items in the record of that case, including copies of documents attached to the pleading. *See Calcutti v. SBU, Inc.,* 224 F. Supp. 2d 691 (S.D.NY. 2002). Moreover, in the Memorandum and Order, Judge Dora Irizarry relied on the terms of the Release Agreement (May 17, 2013 Agreement) and enforced its terms by concluding that Plaintiff is liable for attorney's fees. In its most relevant language, the Court stated: "As the Court sees no reason to question the validity of the Release Agreement . . ." (See pages 11-13 in Exhibit B: Docket 150, p. 13).

The May 17, 2013 Agreement was part of the record in the underlying federal case. Robert Goebel attached to his Affidavit filed March 5, 2015 (Docket 111) the May 17, 2013 Agreement (copy attached hereto as Exhibit C). Robert Goebel's attorney requested in her Memorandum of law, filed March 5, 2015 (Docket 112) that Jericho should pay fees to Goebel based on the May 17, 2013 Agreement. (See Exhibit D, pgs 5, 18-21 and 36). Such assertions of fact by Mr. Goebel in his own legal papers amounts to judicial admission. *See Setevage v. Dep't of Homeland Sec.,* 539 Fed. Appx. 11 (2nd Cir. 2013).

Therefore, Jericho respectfully requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence of the entire May 17, 2013 Agreement. Jericho is making this request for the following reason: pursuant to section VI of the May 17, 2013 Agreement, Robert Goebel agreed to cooperate with the Plaintiff, "Goebel shall reasonably cooperate to the relevant issues pertaining to the subject matter hereof . . . [Goebel shall provide] information, documents and affirmations of Goebel that are within the knowledge, custody, possession and/or reasonable control of Goebel.". Robert Goebel agreed to cooperate with the Plaintiff and provide "information, documents and affirmations of Goebel that are within the knowledge, custody, possession and/or reasonable control of Goebel". (See Exhibit A, section VI). Despite repeated requests by Jericho, Samuel Pfeiffer and their attorneys since May 17, 2016 to provide to meet and or to provide the "information, documents and affirmations of Goebel that are within the knowledge, custody, possession and/or reasonable control of Goebel" Goebel never complied with the cooperation clause and refused to meet with Jericho, Samuel Pfeiffer and their attorneys and refused to provide any information, documents and affirmations of Goebel that are within the knowledge, custody, possession and/or reasonable control of Goebel".

In addition, in Samuel Pfeiffer's letter/motion to this Court dated April 18, 2016 (Docket 244), Samuel Pfeiffer, declared under penalty of perjury,

"I met Mr. Goebel in the Court on March 18, 2016, before the scheduled Status Conference. I discussed with him the Inquest Hearing, ordered by the Hon. Justice Irizarry, on August 6, 2015. [Docket 150; p. 13-14]. I asked Mr. Goebel why he did not comply until now with the Cooperation clause in the May 17, 2013 Agreement. [Exhibit A, Paragraph VI]. I specifically reminded Mr. Goebel of the language in the Cooperation clause: **"Goebel shall reasonably cooperate to the relevant issues pertaining to the subject matter hereof . . . [Goebel shall provide] information, documents and affirmations of Goebel that are within the knowledge, custody, possession and/or reasonable control of Goebel."** Mr. Goebel told me that he will comply with the Cooperation clause. I asked him to set up a meeting for early next week either in his office in Scarsdale, New York or in Mrs. Solomon's office in Manhattan, New York. He said he will contact me over the weekend and set up such meeting." (page 1)-….. However, over the weekend Mr. Goebel did not call to set up any meeting relating to the Cooperation clause of the May 17, 2013 Agreement. I then realized that it was a fraud, to falsely induce Jericho and me to enter into an agreement relating to the amount of the fees, and not have to produce the court ordered "relevant documents," the backup documents, and not have deposition and an expert witness that would prove that the amount should not be as they request $349,000 but much less than even $50,000. The same as Mr. Goebel had falsely Induced Jericho and me, before May 17, 2013 and on May 17, 2013 to enter into the May 17, 2013 Agreement

and to sign the "Release Clause" in paragraph V: Release, in page 5, because he will comply with the "Cooperation Clause" in paragraph VI Cooperation, in page 5." (page 3). (See page 1 and 3 in DKT 244 attached hereto as Exhibit E).

I am also attaching the Declaration of Samuel Pfeiffer, under penalty of perjury, dated November 15, 2016, where he states:

"… I met Mr. Goebel in the Court on March 18, 2016, before the scheduled Status Conference. I discussed with him the Inquest Hearing, ordered by the Hon. Justice Irizarry, on August 6, 2015. [Docket 150; p. 13-14].

　　　I asked Mr. Goebel If he represented Michael Szegda, Esq, my and Jericho's former Contract Attorney in the 2002 Midtown Contract, (who was convicted and disbarred in 2005 for defrauding his clients), or any corporation or any entity for which Szegda was a principal, shareholder, member or officer and or was also a partner with Mr. Szegda, before we retained Goebel on or about June 2004 and or thereafter during his representation of Jericho in 2004-2006 and thereafter?  Mr. Goebel responded that Yes.  I asked him if so, why did he lie to me before we retained him when I asked him if he has any conflict of interest or any potential conflict of interest with Michael Szegda and if he is ready to sue Michael Szegda and expose the fraud that Michael Szegda committed on me and on Jericho and that was a condition of retaining him and allowing to stay on until 2010. Robert Goebel responded, that he has never personally met Michael Szegda, and all his dealings with Michael Szegda, was only by phone, correspondence and through their mutual partner and mutual attorney, because of that he did not lie to me before and did not misrepresent before he was retained and thereafter.

　　　Mr. Goebel promised that he will finally comply with the Cooperation clause, (in the May 17, 2013 Agreement, that stated that, **"Goebel shall reasonably cooperate to the relevant issues pertaining to the subject matter hereof . . . [Goebel shall provide] information, documents and affirmations of Goebel that are within the knowledge, custody, possession and/or reasonable control of Goebel."**) **and as part of his cooperation, he will provide me with information, documents and an affirmation, that he had represented** Michael Szegda and entity's for which Szegda was a principal, shareholder, member or officer and that he was a partner with Szegda before June 2004 and thereafter.". (Copy attached hereto as Exhibit K).

Accordingly, Robert Goebel, has promised to Samuel Pfeiffer on March 18, 2016, that he will comply with the Cooperation clause in paragraph VI of the May 17, 2013 Agreement. Robert Goebel had not filed since April 19, 2016 to present, (almost 7 months despite filing many documents) any Affidavit or Declaration under penalty of perjury, or even without penalty of perjury, denying the above Declaration of Samuel Pfeiffer. Mr. Goebel's inexcusable and unjustified silence should be treated as "admission by silence" pursuant to Rule 801(d) of the Federal Rules of Evidence.

Plaintiff respectfully requests the Court to issue an Order that Robert Goebel should:

1. Provide information requested by Jericho from Robert Goebel, in email dated July 9, 2010. (See Exhibit F); and

2. Provide documents requested from Robert Goebel, by Nicholas Fortuna, Esq., Attorney of Jericho and Samuel Pfeiffer in letter to Robert Goebel, dated January 9, 2013 (See Exhibit G); and
3. Provide documents and information requested from Robert Goebel, by Nicholas Fortuna in letter to Goebel dated January 23, 2013, including but not limited to Nicholas Fortuna's request, "If you ever represented Michael Szegda, Esq., or any corporation or any entity for which Szegda was a principal, shareholder, member or officer, please provide all information, documents and correspondence relating to that case or cases." (See Exhibit H); and
4. Provide documents and information requested from Robert Goebel, by Michael Freeman, Esq., Attorney of Jericho and Samuel Pfeiffer in letter to Robert Goebel, immediately after entering and signing by Goebel and Pfeiffer the May 17, 2013 Agreement, dated May 28, 2013. (See Exhibit I); and
5. Provide information requested by Samuel Pfeiffer and Shulem Pfeiffer and Chana Pfeiffer, in emails from Jericho to Robert Goebel, dated March 28, 29 and 30, 2016. Also, in email dated March 28, 2016, "Shulem Pfeiffer, requested that Mr. Goebel and you should please <u>first</u> confirm if his [Shulem's] Affidavit dated February 15, 2016 (with Exhibits 1-14 attached) (Copies Attached hereto) is true or it is not true. If you believe that it is not true that you should please spell out what is not true or correct and why…. (Copy attached hereto). I would also like to know which is true and which is not true ….." In email dated March 29, 2016, stated that, "Chana Pfeiffer also needs to know <u>first</u> which is true and which is not true." Same requests were made in emails dated March 29 and 30, 2016. (Copies attached hereto as Exhibit J).
6. Fully comply with the Cooperation clause of the May 17, 2013 Agreement, including but not limited to meet with Jericho and the attorneys of Jericho and provide additional information, documents and affirmation as promised and required under the May 17, 2013 Agreement.

Based on the facts of this case, Plaintiff respectfully requests the Court to take Judicial Notice of the entire-May 17, 2013 Agreement and of Goebel's promise on April 18, 2016 to compel Mr. Pfeiffer, on behalf of Jericho, and himself, to perform his obligations pursuant to the Agreement (including but limited, to immediately and first provide the information and documents requested from Goebel in Exhibits F-Jericho attached hereto).

                                                              Respectfully,

                                                              <u>/s/ Igor Meystelman</u>
                                                              Igor Meystelman

To: lisa.solomon@att.net via ECF