UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JERICHO GROUP LTD. and JERICHO CO.,

                                                  *Plaintiffs,*      Civil Action No.:
                                                                          1:14-cv-02329 DLI-VMS

                -*against*-

MID-TOWN DEVELOPMENT LIMITED PARTNERSHIP,
MIDTOWN DEVELOPMENT, L.P., EDWARD G. IMPERA-TORE,
MAURICE L. STONE, EDWARD W. ROSS, ARTHUR
E. IMPERATORE, WR WEST SIDE ASSOCIATES, HADRIAN
PROPERTIES LTD., FANFARE INTERPRISE INC., ARCORP
PROPERTIES, JERRART VENTURE PROPERTIES, HAR-WOOD
LLOYD LLC, GEORGE BERGER, JEFFREY SHORE, PHILIPS
NIZER LLP, FREDRICK E. SHERMAN, TODD R. GEREMIA,
JONES DAY, BROWN HARRIS STEVENS LLC, ELAINE OSBORN
EMMET, MICHAEL A. SZEGDA, BAY-STONE EQUITIES INC.,
ROBERT B. GOEBEL, RICHARD MARASSE, LISA SOLOMON,
JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10,

                                                  *Defendants.*
-----------------------------------------------------------------------X

## MEMORANDUM OF LAW OF DEFENDANT ROBERT B. GOEBEL
### IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND FOR RELATED RELIEF

LAW OFFICES OF LISA M. SOLOMON
Lisa M. Solomon, Esq.
305 Madison Avenue
Suite 4700
New York, New York 10165
(212) 471-0067

*Counsel for Defendant Robert B. Goebel*

Solomon and Goebel), (iv) the Ninth Claim (Fraud on the Court against Solomon and Goebel), (v) the Fifteenth Claim (Conversion against Solomon, Goebel and Szegda), (vi) the Seventeenth Claim (Tortious Interference with Contract against the RICO Defendants), (vii) Nineteenth Claim (Violation of New Judiciary Law 487 against the Attorney Defendants), and (viii) the Twentieth Claim (Civil Action under 42 U.S.C. 1983 against the Attorney Defendants).

## D. The Release Agreement: The General Release

Pursuant to an Agreement dated May 17, 2013 (the "Release Agreement;" Aff. Exh. "C," p. 5, Section V) by and among Goebel, Jericho Group and Pfeiffer, Jericho Group, Pfeiffer, and each of their affiliates, successors, assigns, partners, members, attorneys, agents, and representatives unconditionally released Goebel and his successors, assigns, partners, members, attorneys, agents, and representatives, pursuant to broad general release provisions set forth therein (the "General Release").

The General Release bars all claims and allegations of any kind or nature, whether known or unknown, that may be made by the releasing parties against the released parties including Goebel, pertaining to conduct or events relating to the period prior to the execution of the Release Agreement (*see infra* 19-23, Aff. Exh. "C," Section V). Accordingly, the subject litigation must be dismissed with prejudice against Goebel. In addition to the defense of the General Release, other defenses are hereinafter set forth as a matter of law for the benefit of Goebel.

As part of the consideration given by Goebel under the Release Agreement, he waived his entitlement to be reimbursed for disbursements, costs, and expenses he incurred during the First Action.

*action* (*see* Aff., Exh. "G") (after Pfeiffer had withdrawn an unauthorized amended Complaint in the action). (*see* Aff., Exh. "H").[3]

Simultaneously with their discontinuance of their most recent State Court action, Plaintiffs commenced this action with the filing of a 155-page Verified Complaint in the United States District Court, Eastern District of New York, dated April 10, 2014. Thereafter, Plaintiffs filed the subject Amended Verified Complaint dated November 14, 2014.

As a result of Plaintiffs' actions, and because pursuant to New York State CPLR §3217(c) the Notice of Withdrawal by Plaintiffs on April 10, 2014 is an adjudication on the merits as to Goebel, the Court should dismiss Goebel from this action.

### III.

### THE RELEASE CONTAINED IN THE RELEASE AGREEMENT BARS AND PRECLUDES, IN ALL RESPECTS, THE SUBJECT ACTION AGAINST GOEBEL.

To make a determination on a Motion to Dismiss courts have considered and reviewed settlement agreements and releases that are attached to a complaint, incorporated in the complaint by reference, and/or relied heavily upon by the plaintiff in its pleadings in the complaint. *Morefun Co. v. Mario Badescu Skin Care Inc.*, 2014 WL 2560608 (S.D.N.Y. June 6, 2014). Paragraphs 522 to 544 of the Complaint sets forth allegations leading up to the execution of the Release Agreement.

The Release Agreement (Aff., Exh."C") was extensively negotiated (*see* Compl. ¶ 542) by Jericho Group, Pfeiffer, their counsel, and Goebel over approximately six weeks and involved at least five drafts. In the Release Agreement, p.2, the parties unconditionally agreed that in

---

[3] An issue between Plaintiffs and Midtown in the last filed state court action (in 2013) arose in April 2014 when plaintiffs (the Plaintiffs here) sought to voluntarily discontinue the action. The issue concerned whether a motion to dismiss that had been filed by the Midtown defendants prior to plaintiffs having filed a notice of discontinuance precluded plaintiffs from discontinuing the action. By memo decision dated April 23, 2014, Judge Ramos found that Midtown's pending motion to dismiss did not preclude plaintiffs from filing a voluntary notice of discontinuance, which he found they had done. Both parties have appealed that decision.

signing the Agreement, Goebel waived all prior agreements and claims for outstanding bills or expenses owed to him.

In the Release Agreement (p. 5, Section V), Jericho Group, Pfeiffer, and each of their affiliates, successors, assigns, partners, members, attorneys, agents, and representatives (collectively referred to as the "Jericho Parties") hereby <u>unconditionally release, acquit, and forever discharge Goebel</u> and his successors, assigns, attorneys, agents, and representatives (collectively referred to as the "Goebel Parties"):

> <u>From any and all possible action and actions; cause and causes of action; suits</u>; accounts; covenants; contracts; controversies; agreements; promises; damages; rights; duties; liens (legal or equitable); <u>rights and remedies</u>; rights of contribution and/or reimbursement; claims; obligations; allegations; demands; losses; costs; expenses; and liabilities, <u>whatsoever and of any kind or nature</u> by reason of any matter or cause whatsoever from the beginning of time to the date of their execution of this Agreement that they have or may have against Goebel Parties any and <u>all of which have accrued in whole or in part or ever may accrue</u> in whole or in part against Goebel Parties <u>based upon facts or conduct</u> occurring prior to the date of this Agreement, <u>whether known or unknown</u>. (¶V, p.5; emphasis added)

The Release Agreement's Paragraph IX(B) provides: "B. <u>Applicable Law</u>. This Agreement is entered upon, and shall be governed, for all purposes, by New York State law." Because the Agreement contains a New York State choice-of-law provision, the general release and the Agreement must be interpreted pursuant to New York State law.

Under New York State law, a release is construed as a contract: *See Tromp v. City of New York* at 51, *supra*. When construing a contract, the New York State Court of Appeals applies the Rule that when parties set down an Agreement in a clear, complete document, their writing should be enforced according to its terms. *Vermont Teddy Bear Co. v. 538 Madison Realty Co.*, 1 N.Y.3d 470, 475, 807 N.E.2d 876, 775 N.Y.S.2d 785 (2004); *R/S Assocs. v. N.Y. Job. Dev. Auth.*, 98 N.Y.2d 29, 32, 771 N.E.2d 240, 744 N.Y.S.2d 358 (2002) ("We have long adhered to the 'sound rule in the construction of contracts, that…where the language is clear, unequivocal, and

unambiguous, the contract is to be interpreted by its language [citations omitted])'"; and "A contract is unambiguous when the contractual language has a definite and precise meaning about which there is no reasonable basis for a difference of opinion." *Keiler v. Harlequin Enters.*, 751 F.3d 64, 69, 2014 (2d Cir. 2014); *see Riverside S. Planning Corp. v. CRP/Extell Riverside, L.P.*, 13 N.Y.3d 398, 920 N.E.2d 359, 892 N.Y.S.2d 303 (2009).

Courts, applying New York State law, will enforce valid and clear releases, unambiguous on their face. *Nikci v. Quality Bldg. Servs.*, 995 F. Supp.2d 240 (S.D.N.Y. 2014).

The express subject general Release is unconditional and all-encompassing; it is also unambiguous, unequivocal, and precludes and it expressly bars the pending action against Goebel. "A written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms," *Alvarez v. Amicucci*, 82 A.D.3d 687, 918 N.Y.S.2d 144 (2d Dep't 2011), *appeal den.* 17 N.Y.3d 701, 952 N.E.2d 1086, 929 N.Y.S.2d 91 (2011); *also, Nikci* at 22, *supra*; *see also Steinfeld v. HIS Health Inc., supra; Spanski Enters. v. Telewizja*, 2013 WL 81263 (S.D.N.Y. 2013); *Tromp, supra*.

There is a heavy presumption that a release is valid. *See ABA Consulting, LLC v. Liffey Van Lines, Inc.*, 67 A.D.3d 401, 403, 889 N.Y.S.2d 540, 542 (1st Dep't 2009). "[W]hen general language is used in the releasing document, the release is to be construed most strongly against the releasor." *Consorcio Prodipe v. Vinci*, 544 F.Supp.2d 178, 189 (S.D.N.Y. 2008).

Strong policy considerations favor the enforcement of settlement agreements. *Rocanova v. Equitable Life Assurance Society of the United States*, 83 N.Y.2d 603, 616, 634 N.E.2d 940, 612 N.Y.S.2d 339 (1994). The court in *Lincoln Trust v. Spaziano* (38 Misc.3d 1234(a), 969 N.Y.S.2d 804 (Sup.Ct., Onondaga Cty., 2013)) stated that the general rule is a release may not be treated lightly since "it is a jural act of high significance without which the settlement of disputes would

20

be rendered all but impossible. It should never be converted into a starting point for renewed litigation except under circumstances and under rules which would render any other result a grave injustice," *citing Calavano v. New York Health & Hosps. Corp.*, 246 AD2d 317, 667 N.Y.S.2d 351 (1st Dep't. 1998), *in turn citing Mangini v. McClurg*, 24 NY2d 556, 563, 249 N.E.2d 386, 390; 301 N.Y.S.2d 508, 518 (1969). *See also Centro Empresarial Cempresa S.A. v. América Móvil, S.A.B. de C.V.*, 17 N.Y.3d 269; 952 N.E.2d 995, 929 N.Y.S.2d 3 (2011).

Based on the Release the Court should release Goebel in all respects as a defendant in the subject litigation, and his name should be deleted from the caption. *See Linden v. Moskowitz*, 294 A.D.2d 114, 743 N.Y.S.2d 65 (1st Dep't 2002); *Steinfeld,, supra* at 33 (the court held that the plaintiff in signing a general release agreed they would not then assert any type of claim against the defendant to the extent such claim arose from the defendant's conduct before the date of settlement); *see also WSP United States Corp.*, at *10-11*, .

The Release Agreement expressly <u>enjoins the Jericho Parties from "asserting, bringing, assisting, participating in or furthering in any manner any action or proceeding based upon the matters released herein</u>" (¶V, p. 5). By their asserting, bringing, assisting, and participating in or furthering in any manner this subject action, the Jericho Parties have breached the terms and conditions of the Release Agreement. The Court should order injunctive relief in favor of the Goebel Parties precluding the Jericho Parties from asserting, bringing, assisting, participating in or furthering in any manner any action or proceeding based on the Release provisions in the Release Agreement.

## XII.

## GOEBEL SHOULD BE AWARDED HIS ATTORNEY'S FEES IN ACCORDANCE WITH THE RELEASE AGREEMENT

The Release Agreement (¶VII(A) p. 5), provides: "Attorneys' Fees. In the event that litigation shall arise out of this Agreement between the parties, the prevailing party shall be entitled to seek to recover reasonable attorneys' fees and expenses from the non-prevailing parties." Goebel respectfully requests an award of his reasonable attorneys' fees, for the time and expense incurred required in defending the wild accusations made in this action and the other litigations described hereinabove. The time required has been enormous entailing attention to and preparation for responses to at least three complaints and or amended complaints over a span of 1 ½ years from the start. These complaints have been voluminous.

## XIII.

## CONCLUSION

For all of the foregoing reasons, Goebel respectfully requests that the Court dismiss the Complaint in its entirety with prejudice as against Goebel, grant an injunction against the "Jericho Parties" and any further actions by the Jericho Parties precluding the Jericho Parties from asserting, bringing, assisting, participating in or furthering in any manner action or proceeding in any federal or state court with respect to any claim released in the Release Agreement, grant reasonable attorneys' fees and expenses incurred in this matter pursuant to the

Release Agreement, and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 9, 2014

LAW OFFICES OF LISA M. SOLOMON
*Counsel for Defendant Robert B. Goebel*

By: *[signature]*
    Lisa M. Solomon
    One Grand Central Place
    305 Madison Avenue, Suite 4700
    New York, New York 10165
    (212) 471-0067

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JERICHO GROUP LTD. and JERICHO CO.,

                               *Plaintiffs,*

-against-

MID-TOWN DEVELOPMENT LIMITED PARTNERSHIP,
MIDTOWN DEVELOPMENT, L.P., EDWARD G. IMPERA-TORE,
MAURICE L. STONE, EDWARD W. ROSS, ARTHUR
E. IMPERATORE, WR WEST SIDE ASSOCIATES, HADRIAN
PROPERTIES LTD., FANFARE INTERPRISE INC., ARCORP
PROPERTIES, JERRART VENTURE PROPERTIES, HAR-WOOD
LLOYD LLC, GEORGE BERGER, JEFFREY SHORE, PHILIPS
NIZER LLP, FREDRICK E. SHERMAN, TODD R. GEREMIA,
JONES DAY, BROWN HARRIS STEVENS LLC, ELAINE OSBORN
EMMET, MICHAEL A. SZEGDA, BAY-STONE EQUITIES INC.,
ROBERT B. GOEBEL, RICHARD MARASSE, LISA SOLOMON,
JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10,

                               *Defendants.*
-----------------------------------------------------------------------X

Civil Action No.:
1:14-cv-02329 DLI-VMS

AFFIDAVIT OF ROBERT B.
GOEBEL IN SUPPORT OF
MOTION TO DISMISS
VERIFIED COMPLAINT AND
FOR RELATED RELIEF

STATE OF NEW YORK    )
                        ss :
COUNTY OF WESTCHESTER:   )

      I, ROBERT B. GOEBEL, an attorney duly admitted to practice law in the State of New York, being duly sworn, depose and say, under penalty of perjury:

      1.    I am a sole practitioner whose office is located in the County of Westchester, State of New York. I am a Defendant in this Action, and submit this Affidavit, together with the accompanying Memorandum of Law, in support of an Order pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and New York State Civil Procedure §3217(c), dismissing Plaintiffs' Amended Verified Complaint in the Action dated and filed November 14, 2014, granting injunctive relief against the "Jericho Parties" (as defined in the Memorandum of Law), for an award of reasonable attorneys' fees against Plaintiffs pursuant to the Release Agreement

1

(Exhibit "C" annexed hereto), and for such other and further relief as this Court deems just and proper. The documents annexed hereto are either referenced or integral to the complaint or are publicly available documents.

2. Annexed hereto as Exhibit "A" is a true and complete copy of the Retainer Agreement," dated June 8, 2004, by which I became counsel to Pfeiffer and Jericho Group.

3. Annexed hereto as Exhibit "B" is a true and complete copy of the instrument dated September 27, 2006, dismissing me as counsel for Jericho Group and substituting the law firm of Herzfeld & Rubin.

4. Annexed hereto as Exhibit "C" is a true and complete copy of the May 17, 2013 Release Agreement.

5. Annexed hereto as Exhibit "D" is a true and complete copy of Summons with Notice, filed on behalf of Samuel Pfeiffer, Jericho Group, Ltd., and Jericho Co., on May 30, 2013, in Case No. 155013-2013.

6. Annexed hereto as Exhibit "E" is a true and complete copy of Notice of Discontinuance filed by Plaintiffs in Case No. 155013-2013 on June 17, 2013 with the County Clerk's Office discontinuing said case.

7. Annexed hereto as Exhibit "F" is a true and complete copy of a Summons with Notice in New York Supreme Court Case No. 101105/2013 that Plaintiffs filed in November 2013 in the New York County Clerk's Office.

8. Annexed hereto as Exhibit "G" is a true and complete copy of Notice Plaintiffs filed on or about April 10, 2014, discontinuing New York Supreme Court Case No. 101105/2013.

9. Annexed hereto as Exhibit "H" is a true and complete copy of letter from Samuel Pfeiffer dated January 14, 2014, withdrawing an Amended Complaint in the aforesaid action.

10. Annexed hereto as Exhibit "I" is a copy of a business certificate with respect to Jericho Co. filed with the Kings County Clerk's Office on July 28, 2011.

Dated: Scarsdale, New York
January 8, 2015

*[signature]*
ROBERT B. GOEBEL

Sworn to before me this 8th
Day of January, 2015

*[signature]*
Notary Public

Notary Public of New York
No. [illegible]
Qualified in Westchester County
Commission Expires 12/31/17