```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JERICHO GROUP LTD.,                           :
                                              :
                           Plaintiff,         :
                                              :                    **MEMORANDUM AND ORDER
              -against-                       :                    ADOPTING REPORT AND
                                              :                    RECOMMENDATION**
                                              :                    14-CV-2329 (DLI) (VMS)
MID-TOWN DEVELOPMENT LIMITED                  :
PARTNERSHIP, *et al.*,                        :
                                              :
                           Defendants.        :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

On April 10, 2014, Plaintiff Jericho Group Ltd. ("Plaintiff") initiated this action against Defendants Mid-Town Development Limited Partnership, Midtown Development L.P., Edward G. Imperatore, Maurice L. Stone, Edward W. Ross, Arthur E. Imperatore, George Berger, Jeffrey Shore, Philips Nizer LLP, Frederick E. Sherman, Todd R. Geremia, Jones Day, Michael A. Szegda, Baystone Equities, Inc., Robert B. Goebel ("Goebel"), and Lisa Solomon (collectively, "Defendants"), alleging twenty causes of action, ranging from breach of contract to perpetrating frauds on Plaintiff as well as the New York State courts. *See* Complaint ("Compl."), Dkt. Entry No. 1. This is the latest suit in a chain of litigation that Plaintiff and its principal, Samuel Pfeiffer ("Pfeiffer"), has pursued concerning a contract that it canceled over a decade ago. *See, e.g.*, *Jericho Grp. Ltd. v. Mid-Town Dev. Ltd. P'ship*, 129 A.D.3d 561 (1st Dep't 2015); *Jericho Grp. Ltd. v. Midtown Dev., L.P.*, 67 A.D.3d 431 (1st Dep't 2009); *Jericho Grp. Ltd. v. Midtown Dev., L.P.*, 47 A.D.3d 463 (1st Dep't 2008); *Jericho Grp. Ltd. v. Midtown Dev., L.P.*, 32 A.D.3d 294 (1st Dep't 2006).

In an August 6, 2015 Memorandum & Order, this Court dismissed[1] the Complaint with prejudice, issued an injunction preventing Plaintiff or its principals from commencing any new proceedings against Defendants or their attorneys for claims relating to the circumstances alleged in the Complaint, ordered Plaintiff to pay $10,000 in sanctions, and referred Goebel's request for attorneys' fees to United States Magistrate Judge Vera M. Scanlon for an inquest. *See* Aug. 6, 2015 Mem. & Ord., Dkt. Entry No. 150.

The parties appeared before the magistrate judge for a status conference on March 18, 2016. *See* Mar. 18, 2016 Transcript of Conference Before the Hon. Vera M. Scanlon, U.S.M.J. ("Mar. 18, 2016 Tr."), Dkt. Entry No. 235. At that conference, Goebel's attorney informed the Court that the parties had reached an agreement to settle the amount of reasonable attorneys' fees owed to Goebel by Plaintiff ("Settlement Agreement"). On consent of Plaintiff, Goebel, and Pfeiffer, the terms of the Settlement Agreement were read into the record. *See Id*. Goebel's attorney explained that the terms were read into the record "so that it will be a binding agreement with regard to the parties[,] subject to the memorialization and the conditions of the agreement they've reached." *Id*. at 3. The parties agreed that if they were unable to reduce the Settlement Agreement to writing, the terms stated on the record would be binding, subject to two conditions that could be waived only by Goebel. *See Id*. at 3-4, 10-12.

On April 14, 2016, Goebel moved to enforce the Settlement Agreement and filed a proposed order for the Court to endorse. *See* Goebel Apr. 14, 2016 Ltr. ("Mot. to Enf."), Dkt. Entry No. 240. Plaintiff opposed that motion and submitted its own proposed order for the Court's consideration. *See* Pl. Apr. 19, 2016 Ltr. ("Pl. Opp."), Dkt. Entry No. 243. Pfeiffer filed a personal

---

[1] Prior to that Memorandum & Order, various parties and claims were dismissed at different stages. *See* Not. of Vol. Dismiss., Dkt. Entry No. 86; Mar. 4, 2015 Min. Entry; Not. of Vol. Dismiss., Dkt. Entry No. 124.

opposition to the motion as well. *See* Apr. 18, 2016 Ltr. ("Pf. Opp."), Dkt. Entry No. 244. Goebel replied to both filings. *See* Apr. 29, 2016 Ltr. ("Reply"), Dkt. Entry No. 249.

On July 13, 2016, this Court referred Goebel's motion to enforce the Settlement Agreement to Magistrate Judge Scanlon for a Report and Recommendation ("R & R"). The magistrate judge issued her extremely thorough and well reasoned R & R on December 5, 2016. *See* R & R, Dkt. Entry No. 265. After applying the four-prong test articulated by the United States Court of Appeals for the Second Circuit in *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78 (2d Cir. 1985), the magistrate judge determined that the parties clearly intended to be bound by the terms of the Settlement Agreement read into the record, despite the absence of a written document executed by both sides. *See* R & R at 14-23. However, the magistrate judge found that a term requiring that Chana Pfeiffer be included as a guarantor ("Guarantor Clause") was unenforceable, because she was not represented at the conference and did not assent to be bound by the terms of the Settlement Agreement. *Id* at 24. Accordingly, the magistrate judge recommended that the Court grant Goebel's motion to enforce the Settlement Agreement, with the "caveat" that the Guarantor Clause be stricken, and that the Court "So Order" a proposed order annexed to the R & R as Exhibit A. *Id*. On December 19, 2016, Plaintiff timely filed objections to the R & R. *See* Objs. to R & R ("Objs."), Dkt. Entry No. 267. On December 21, 2016, Plaintiff amended those objections. *See* Am. Objs. to R & R ("Am. Objs."), Dkt. Entry No. 268. Goebel did not respond.

As set forth below, the objections are overruled, and the R & R is adopted in its entirety.

## **DISCUSSION**[2]

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States*

---

[2] The Court assumes familiarity with underlying facts and extensive history between the parties, as set forth in the R & R and in this Court's August 6, 2015 Memorandum & Order.

3

*v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, No. 11-CV-9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Plaintiff's four objections are that: (1) the magistrate judge erred in issuing the R & R prior to ruling on Plaintiff's request to file a sur-reply; (2) removing the Guarantor Clause rendered the entire Settlement Agreement unenforceable; (3) the Settlement Agreement requires Plaintiff to pay more than would have been awarded pursuant to an inquest; and (4) the magistrate judge misapplied the last prong in *Winston*. Objs. at 1-2.

### A. THE MAGISTRATE JUDGE DID NOT ERR IN ISSUING THE R & R BEFORE ENTERING AN ECF ORDER DENYING PLAINTIFF'S REQUEST TO FILE A SUR-REPLY

Plaintiff argues that it was erroneous for the magistrate judge to deny its application for a sur-reply *after* issuing her R & R. Objs. at 2. The ECF Order denying leave to file a sur-reply was entered the same day as the R & R.[3] *See* R & R; Dec. 5, 2016 Min. Dkt. Entry. Plaintiff does not explain why this was improper or what prejudice was suffered as a result of the magistrate judge entering her orders in this fashion. In fact, the entire objection is contained in a single, conclusory sentence. Objs. at 2. Finding no clear error, the objection is overruled. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (explaining that general or conclusory objections only compel review for clear error).

### B. REMAINING ARGUMENTS ARE PRESENTED FOR THE FIRST TIME IN THE OBJECTIONS

"In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate, but were not." *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 03-CV-1851 (NGG) (RML), 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) (collecting cases). Indeed, "[f]iling objections to a report and recommendation is not the tool for mopping up any inadvertent omissions." *Gutman v. Klein*, No. 03-CV-1570 (BMC) (RML), 2010 WL 4916722, at *5 (E.D.N.Y. Nov. 24, 2010) (internal citation omitted). Yet, in Plaintiff's remaining objections, it goes beyond trying to "mop up" omissions and argues positions diametrically opposed to what it argued before the magistrate judge.

In the original iteration of the Settlement Agreement, the parties agreed that Chana Pfeiffer would "guarantee absolutely and unconditionally, all amounts and obligations under" the

---

[3] In fact, according to the docketing system's filing receipts, the ECF Order and the R & R were issued less than one hour apart.

contract's terms. *See* Mar. 18, 2016 Tr. at 6-7. In the R & R, the magistrate judge found that this term was unenforceable because Chana Pfeiffer neither was present nor had an authorized representative at the March 18, 2016 appearance. R & R at 24. Accordingly, the magistrate judge recommended that the Guarantor Clause be removed, but that the remainder of the Settlement Agreement be enforced. *Id*. Plaintiff now argues, for the first time, that the Guarantor Clause was an essential term of the Settlement Agreement, and that, by removing it, the magistrate judge actually rendered the entire contract "null and void." Objs. at 2.

Upon review, Plaintiff squarely argued that the Guarantor Clause was unenforceable before the magistrate judge in the first instance, but said nothing about the Guarantor Clause affecting the enforceability of the entire Settlement Agreement. Pl. Opp. at 4. Indeed, while advocating for the removal of the Guarantor Clause, Plaintiff requested that the Court *enforce* the remaining terms of the Settlement Agreement as stated on the record. *Id*. at 3. Plaintiff even asked the Court to enter a written order that contained terms "reflective of the terms of the" Settlement Agreement. *Id*. The Court will not countenance Plaintiff's attempt to change its position in order to salvage its arguments. As the Court finds no clear error in the magistrate judge's finding, this objection is overruled.

Plaintiff also argues that the magistrate judge erred in recommending enforcement of the Settlement Agreement because the amount paid to Goebel in attorneys' fees is more than what would have been awarded after an inquest. *See* Objs. at 5-6. Plaintiff insinuates that its reason for agreeing to the fee amount is connected to an off-the-record representation that Goebel would "comply" with certain aspects of the parties' pre-existing Release Agreement.[4] *Id*. at 6. Here again,

---

[4] The Court discussed the terms of the Release Agreement in its August 6, 2015 Memorandum & Order and held that Plaintiff breached the Release Agreement, thus entitling Goebel to attorneys' fees for this action. *See* Aug. 6, 2015 Mem. & Ord. at 11-13. Accordingly, the Court will not recount its discussion here. In separate filings, Plaintiff asked this Court to take judicial notice of the existence of the Release Agreement so that it may seek Goebel's

6

the Court encounters an argument that is wholly opposed to what Plaintiff argued before the magistrate judge. As Plaintiff argued in its opposition papers, "[O]nly the terms that clearly appear on the transcript on March 18, 2016 make up the entire [Settlement] Agreement and no extraneous understanding are [sic] to be included in this agreement other than the terms read into the record." *Id.* at 3. Indeed, "The Court's language [was] unambiguous: 'Let's be clear, there is an agreement. We went through this on the record that these were the only terms of the agreement. So any side conversation is not part of the agreement.'" *Id.* (quoting Apr. 5, 2016 Transcript of Conference Before the Hon. Vera M. Scanlon, U.S.M.J., Dkt. Entry No. 238 at 11). The proposed order submitted by Plaintiff reinforces that position, as it clearly contains the fees agreed to before the magistrate judge. *See* Pl. Prop. Order, Dkt. Entry No. 243-3 (identifying $200,000 as the "Settlement Amount" and $350,000 as the amount owed in event of default). The Court finds no clear error in the magistrate judge's analysis. The objection is overruled.

Plaintiff's final objection challenges the magistrate judge's findings as to the application of the four-prong test delineated in *Winston*. *See* Objs. at 6-7. In *Winston*, the Second Circuit described four factors for a court to consider when determining whether parties intended to be bound by a settlement agreement in the absence of an executed document:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

777 F.2d at 80 (internal citations omitted). After applying these factors, the magistrate judge determined that all four aligned with the conclusion that the Settlement Agreement was binding.

---

compliance with its terms. *See* Mot. to Compel Compliance with Release Agr'mt, Dkt. Entry No. 261; Am. Mot. Compel Compliance with Release Agm't, Dkt. Entry No. 262. These motions are denied as moot.

R & R at 23. As to the final prong, Plaintiff contends that the very fact that the parties were unable to arrive at a final, signed document, supports the conclusion that the Settlement Agreement's terms are so complex that they must be reduced to a signed writing. Objs. at 6-7. However, this new position stands in stark contrast to Plaintiff's previous request to the magistrate judge that the Court approve its proposed order, which, from its perspective, *reduced the entire Settlement Agreement to a written instrument*. Pl. Opp.; *See also* Pf. Opp.; Pl. Prop. Order. Reviewing this objection for clear error and finding none, this objection is overruled.

## **CONCLUSION**

For the reasons set forth above, upon due consideration and review, and including those portions of the R & R to which the parties did not object, the recommendations contained in the R & R are adopted in their entirety. Accordingly, Goebel's motion to enforce the Settlement Agreement is granted, with the exception that the Guarantor Clause be removed. The terms of the proposed order annexed to the R & R as Exhibit A are approved and it is "So Ordered."

SO ORDERED.

Dated: Brooklyn, New York
September 22, 2017

/s/
DORA L. IRIZARRY
Chief Judge