UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JERICHO GROUP LTD., :
:
                    Plaintiff, :
:
     -against- :
:      **SUMMARY ORDER**
MID-TOWN DEVELOPMENT LIMITED :      14-CV-2329 (DLI) (VMS)
PARTNERSHIP, *et al.*, :
:
                    Defendants. :
-------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

On December 27, 2016, Plaintiff Jericho Group Limited ("Plaintiff") filed a letter requesting leave to file a motion to enforce certain provisions of the parties' May 2013 Agreement ("Release Agreement") against Defendant Robert Goebel ("Goebel"), and to stay all proceedings concerning attorneys' fees. Pl. Dec. 25, 2016 Ltr., Dkt. Entry No. 269. Plaintiff annexed the anticipated motion's papers to that request. *See, e.g.*, Mem. of Law in Supp. of Mot., Dkt. Entry No. 269-2. On January 3, 2017, Plaintiff filed an amended Notice of Motion, to "match" the relief requested in its motion papers. *See* Am. Not. of Mot., Dkt. Entry No. 270. Goebel opposed the filing of the proposed motion, arguing that it was nothing more than a motion for reconsideration. *See* Goebel Feb. 1, 2017 Ltr., Dkt. Entry No. 272. Plaintiff replied, arguing that it sought new relief not sought previously. *See* Pl. Feb. 2, 2017 Ltr. ("Reply"), Dkt. Entry No. 273. The parties' familiarity with the underlying facts and circumstances of this action is assumed.

In the Amended Notice of Motion, Plaintiff indicates that it seeks an Order requiring: (1) Goebel to "comply with the Cooperation [C]lause" of the Release Agreement; (2) Goebel to "comply with his promise on March 18, 2016" to abide by the terms of the Cooperation Clause; and (3) a "[s]tay of all proceedings related to the legal fees, until after" Goebel complies with the

Cooperation Clause. Am. Not. of Mot. These requests squarely concern the interpretation and application of the Release Agreement that had been interpreted by the Court in its August 6, 2015 Memorandum & Order dismissing the Complaint with prejudice.[1] *See* Aug. 6, 2015 Mem. & Ord., Dkt. Entry No. 150. Accordingly, the proposed motion is construed as one for reconsideration of that decision.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). Typical grounds for reconsideration include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992)). "[A] motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp.2d 261, 287 (E.D.N.Y. 2013) (internal citations omitted).

Applying these standards here, Plaintiff's proposed motion cannot survive. In the August 5, 2016 Memorandum & Order, this Court specifically noted that "Plaintiff bears the responsibility for asserting its own rights and defenses in this action. Plaintiff may not use the Court as an excuse for its own omission. Plaintiff defaulted in asserting a defense to [Goebel's] counterclaim [for

---

[1] The reference to the "promise on March 18, 2016" refers to the settlement conference that was the subject of the Report and Recommendations ("R & R") issued by the Hon. Vera M. Scanlon, U.S.M.J. on December 5, 2016. *See* R & R, Dkt. Entry No. 265. Plaintiff's objections to the R & R were addressed in this Court's September 22, 2017 Memorandum & Order adopting the magistrate judge's R & R.

attorney's fees], and the Court, therefore, deems *any* defense abandoned." Aug. 5, 2016 Mem. & Ord. at 12 n.5 (emphasis added). Plaintiff readily admits that it did not argue the anticipated arguments before this Court in the first instance. *See* Pl. Dec. 25, 2016 Ltr. at 1 ("[I]t seems to me that Jericho . . . may still have a viable claim pursuant to the [Release] Agreement."); Reply at 2 ("This Court concluded that the [Release Agreement] is an enforcement contract and since Mr. Goebel was the prevailing party, he was also entitled to an award of legal fees. Jericho Group and Mr. Pfeiffer concede that point. Nevertheless, the Agreement contains other provisions that imposed duties on Mr. Goebel as well."). Based upon a review of the papers, the contemplated motion is little more than a dilatory tactic meant to stall the entry of an order as to attorneys' fees and assert arguments that have long since been abandoned.

Accordingly, the request for leave to file a motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
      September 22, 2017

                                                         /s/
                                      DORA L. IRIZARRY
                                         Chief Judge