UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JERICHO GROUP LTD.,                               :
                                                  :
                              Plaintiff,          :
                                                  :
        -against-                                 :
                                                  :        **SUMMARY ORDER**
MID-TOWN DEVELOPMENT LIMITED                      :        14-CV-2329 (DLI) (VMS)
PARTNERSHIP, *et al.*,                            :
                                                  :
                              Defendants.         :
------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

On April 14, 2016, Defendant Robert Goebel ("Goebel") moved to enforce a settlement agreement ("Settlement Agreement") with Plaintiff Jericho Group Ltd. ("Plaintiff"). *See* Mot. for Settlement Enf't & Order of Settlement & J. ("Mot. for Enf't"), Dkt. Entry No. 240. On July 13, 2016, this Court referred Goebel's motion to United States Magistrate Judge Vera M. Scanlon for a Report and Recommendation ("R & R").[1] July 13, 2016 Order. The magistrate judge issued the R & R on December 5, 2016, recommending that the motion be granted, with the caveat that one clause in the agreement, the Guarantor Clause, be stricken as unenforceable. *See* R & R, Dkt. Entry No. 265. Plaintiff timely filed objections to the R & R on December 19, 2016, and amended those objections on December 21, 2016. *See* Dkt. Entry Nos. 267, 268. Goebel did not respond. On September 22, 2017, this Court overruled Plaintiff's objections, and adopted the R & R in its entirety. *See* Mem. & Order, Dkt. Entry No. 276. Plaintiff now seeks permission to move for reconsideration of that decision. Letter Seeking Permission to Move for Recons. ("Recons. Letter"), Dkt. Entry No. 279. Goebel opposes. Dkt. Entry No. 281.

---

[1] The Court assumes familiarity with the facts of this case as set forth in the R & R. R & R at 1-14.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). Typical grounds for reconsideration include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "[A] motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp.2d 261, 287 (E.D.N.Y. 2013) (internal citations omitted).

As relevant to the instant motion, Plaintiff objected to the R & R on the basis that "removing the Guarantor Clause rendered the entire Settlement Agreement unenforceable." Mem. & Order at 4. In overruling that objection, this Court held that Plaintiff had failed to raise the enforceability argument before the magistrate judge. "'In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate, but were not.'" Mem. & Order at 5, quoting *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 03-cv-1851 (NGG) (RML), 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) (collecting cases). Indeed, in the Memorandum and Order, this Court noted that Plaintiff's argument in objection to the R & R was the opposite of the argument Plaintiff had advanced before the magistrate judge. Mem. & Order at 5-6.

2

Plaintiff claims that the Court erred when it asserted that the enforceability argument had not been raised before the magistrate judge. To support this claim, Plaintiff points to letters to the Court that were filed on the docket before the magistrate judge issued her R & R. *See generally*, Recons. Letter. The letters to which Plaintiff refers are: (1) a letter from Plaintiff's counsel, dated April 19, 2016, in opposition to the Motion for Enforcement (Dkt. Entry No. 243) ("April 19 Letter"); (2) a letter from Samuel Pfeiffer, who is the principal of Plaintiff but is not himself a party to this action, dated April 18, 2016 (Dkt. Entry No. 244) ("Pfeiffer Letter"); and (3) a letter from Plaintiff's counsel, dated May 2, 2016, which sought permission to file a sur-reply in opposition to the Motion for Enforcement (Dkt. Entry No. 250) ("May 2 Letter"). Recons. Letter at 1.

The letters to which Plaintiff cites do not support Plaintiff's argument that the Court erred. First, Plaintiff admits that the April 19 Letter does not argue that the Settlement Agreement is unenforceable. In the filing presently before the Court, Plaintiff's counsel writes: "When I filed Docket# 243 [the April 19 Letter] I did not yet challenge the validity of the [Settlement] Agreement…." *See* Recons. Letter at 3. Second, it was not proper for the magistrate judge to consider the Pfeiffer Letter as it was filed in violation of prior orders in this case. Mr. Pfeiffer was warned repeatedly that he is not a litigant in this action, and that letters on his behalf may be filed only by Plaintiff's counsel. *See* May 13, 2015 Min. Entry; Oct. 14, 2015 Min. Entry; Dec. 13, 2016 Order.

Finally, the May 2 Letter merely sought permission to file a sur-reply. *See* May 2 Letter. Such permission was not granted. *See* Dec. 5, 2016 Order. Moreover, even if permission had been granted, any argument raised for the first time in the sur-reply would not be properly before the Court. "'Arguments may not be made for the first time in a reply brief.'" *Zirogiannis v. Seterus,*

*Inc.*, 221 F. Supp.3d 292, 298 (E.D.N.Y. 2016) (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)).

Plaintiff cannot show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Accordingly, the request for leave to file a motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
      September 26, 2018

                                        /s/
                                DORA L. IRIZARRY
                                   Chief Judge